**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 26-** |
| **v.** | : | **DATE FILED:** |
| **CHARLES WEINER** | : | **VIOLATIONS:**<br>**18 U.S.C. § 371 (conspiracy to defraud – 1 count)**<br>**26 U.S.C. § 7202 (failure to withhold and pay over employment taxes – 22 counts)**<br>**26 U.S.C. § 7206(2) (aiding and assisting in the preparation of false tax returns – 6 counts)** |

# INDICTMENT

## COUNT ONE
**(Conspiracy)**

**THE GRAND JURY CHARGES THAT:**

At all times material to this indictment:

1. Defendant CHARLES WEINER was a resident of Penn Valley within the Eastern District of Pennsylvania. Since at least 2014, he owned and operated 3653 Germantown Avenue, Inc. d/b/a Max's Steaks and Eagle Bar ("Eagle Bar") and 3649 Germantown Avenue, Inc. d/b/a Clock Bar ("Clock Bar"), restaurant and bar establishments in Philadelphia, Pennsylvania.

2. The Internal Revenue Service ("IRS") was an agency within the U.S. Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

3. Pursuant to the Internal Revenue Code and associated statutes and regulations, employers were required to withhold amounts from their employees' gross pay including Federal Insurance Contribution Act ("FICA") taxes, which represent Social Security and Medicare taxes, and federal income taxes. Employers were required to remit these taxes (referred to in this information collectively as "trust fund taxes" because employers hold the withheld amounts in trust until paid over to the United States) to the IRS on a quarterly basis, no later than the last day of the month following the end of the quarter.

4. In addition to the trust fund taxes that must be withheld from pay, employers were separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. Such employer contributions were likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter. Collectively, these five components required to be remitted quarterly were commonly referred to as "employment taxes," made up of the trust fund taxes withheld (individual income, Social Security, and Medicare taxes) and the matching amounts (Social Security and Medicare) contributed by the employer.

5. Employers were required to file, one month after the conclusion of the calendar quarter, an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"), setting forth the total amount of income taxes withheld, the total amount of Social Security and Medicare taxes due, and the total tax deposits.

6. A person was responsible for collecting, accounting for, and paying over the employment taxes if he or she had the authority required to exercise significant control over the employer's financial affairs, regardless of whether the individual exercised such control in

fact. More than one person could be considered a "responsible person" for the purpose of collecting, accounting for, and paying over employment taxes, including trust fund amounts and employers' matching amounts.

7. An IRS Form 1120, U.S. Corporation Income Tax Return ("Form 1120"), was used by domestic corporations to report, among other things, their income, gains, losses, deductions, and credits and to calculate their income tax liability.

8. An IRS Form W-2, Wage and Tax Statement ("Form W-2"), was used by employers to report the amount of wages, tips, and other compensation paid to employees, as well as, among other things, the amounts of federal income tax, Social Security tax, and Medicare tax withheld from employees' pay. Employers were required to file Forms W-2 with the Social Security Administration and provide a copy of the Form W-2 to the employee.

9. Co-conspirator 1 and Co-conspirator 2, persons known to the grand jury, were hired by defendant CHARLES WEINER to work as managers of Eagle Bar and Clock Bar with duties that included keeping track of employees' hours, counting cash receipts, and distributing weekly pay to employees.

10. Defendant CHARLES WEINER had the duty and responsibility to collect, truthfully account for, and pay over to the IRS employment taxes from the wages paid to the employees of Eagle Bar and Clock Bar.

11. From at least on or about January 1, 2019, through on or about April 21, 2023, in the Eastern District of Pennsylvania, and elsewhere, defendant

**CHARLES WEINER**

conspired and agreed with Co-conspirator 1, Co-conspirator 2, and others known and unknown to the grand jury to defraud the United States by impeding, impairing, defeating, and obstructing

the lawful government functions of the United States and an agency thereof, that is, the Internal Revenue Service, in the ascertainment, evaluation, assessment, and collection of employment taxes.

**MANNER AND MEANS**

It was a part of the conspiracy that:

12. Defendant CHARLES WEINER and his co-conspirators paid and caused the payment of the wages of the employees of Eagle Bar and Clock Bar in cash. In some cases, defendant WEINER and his co-conspirators caused partial employment tax withholding for these employees. In other cases, they caused no employment tax withholding.

13. Defendant CHARLES WEINER and his co-conspirators caused the hours and pay of the employees of Eagle Bar and Clock Bar to be recorded on handwritten sheets, using the sheets to prepare cash envelopes for employees' weekly pay. Defendant WEINER and his co-conspirators caused no other records of these wages to be created and maintained. Moreover, as a general practice, defendant WEINER and his co-conspirators caused these handwritten sheets to be destroyed and discarded. In addition, defendant WEINER directed his employees, including Co-conspirator 1 and Co-conspirator 2, to avoid placing dates on any payroll sheets or work schedules.

14. Defendant CHARLES WEINER provided incomplete information regarding the total number of employees and the total employee wages paid to the accountant hired to prepare employment tax returns, Forms 941, for Eagle Bar and Clock Bar.

15. Defendant CHARLES WEINER caused false employment tax returns, Forms 941, to be prepared and filed with the IRS for Eagle Bar and Clock Bar. The returns were false in that they, among other things, (i) reported fewer employees who received wages, tips,

and other compensation for each relevant quarter than the actual number of employees working at Eagle Bar and Clock Bar and (ii) reported lower amounts of total wages, tips, and other compensation for each relevant quarter than the actual amounts paid.

**OVERT ACTS**

In furtherance of the conspiracy, the defendant, and others known and unknown to the grand jury, committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

1. On or about the following dates, defendant CHARLES WEINER caused to be prepared and filed the following false and fraudulent Forms 941 for Eagle Bar for the following quarters, each with the ending date indicated belows:

| | **Filing Date** | **Quarter Ending Date** |
|---|---|---|
| a | April 16, 2019 | March 31, 2019 |
| b | August 5, 2019 | June 30, 2019 |
| c | October 15, 2019 | September 30, 2019 |
| d | March 17, 2020 | December 31, 2019 |
| e | April 16, 2020 | March 31, 2020 |
| f | July 28, 2020 | June 30, 2020 |
| g | April 30, 2021 | September 30, 2020 |
| h | January 18, 2021 | December 31, 2020 |
| i | April 19, 2021 | March 31, 2021 |
| j | July 19, 2021 | June 30, 2021 |
| k | October 13, 2021 | September 30, 2021 |
| l | January 11, 2022 | December 31, 2021 |
| m | April 20, 2022 | March 31, 2022 |
| n | July 5, 2022 | June 30, 2022 |
| o | October 13, 2022 | September 30, 2022 |
| p | January 11, 2023 | December 31, 2022 |
| q | April 21, 2023 | March 31, 2023 |

2. On or about the following dates, defendant CHARLES WEINER caused to be prepared and filed the following false and fraudulent Forms 941 for Clock Bar for the following quarters, each with the ending date indicated below:

| | Filing Date | Quarter Ending Date |
|---|---|---|
| a | April 17, 2019 | March 31, 2019 |
| b | August 5, 2019 | June 30, 2019 |
| c | October 21, 2019 | September 30, 2019 |
| d | January 24, 2020 | December 31, 2019 |
| e | April 15, 2020 | March 31, 2020 |
| f | July 28, 2020 | June 30, 2020 |
| g | October 15, 2020 | September 30, 2020 |
| h | January 2021 | December 31, 2020 |
| i | April 21, 2021 | March 31, 2021 |
| j | July 20, 2021 | June 30, 2021 |
| k | October 14, 2021 | September 30, 2021 |
| l | January 12, 2022 | December 31, 2021 |
| m | April 2022 | March 31, 2022 |
| n | July 5, 2022 | June 30, 2022 |
| o | December 6, 2022 | September 30, 2022 |
| p | January 11, 2023 | December 31, 2022 |
| q | April 21, 2023 | March 31, 2023 |

All in violation of Title 18, United States Code, Section 371.

**COUNTS TWO THROUGH TWELVE**
**(Willful Failure to Collect or Pay Over Taxes)**

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 10 and 12 through 15 and Overt Acts 1(a)-(q) and 2(a)-(q) of Count One are incorporated here.

2. On or about the dates set forth below, in the Eastern District of Pennsylvania, and elsewhere, defendant

**CHARLES WEINER**

willfully failed to collect, truthfully account for, and pay over the trust fund taxes due and owing to the IRS on behalf of the employees of Eagle Bar, each quarter constituting a separate count:

| Count | Calendar Quarter Ending | Due Date for Employment Taxes |
|---|---|---|
| 2 | September 30, 2020 | October 31, 2020 |
| 3 | December 31, 2020 | January 31, 2021 |
| 4 | March 31, 2021 | April 30, 2021 |
| 5 | June 30, 2021 | July 31, 2021 |
| 6 | September 30, 2021 | October 31, 2021 |
| 7 | December 31, 2021 | January 31, 2022 |
| 8 | March 31, 2022 | April 30, 2022 |
| 9 | June 30, 2022 | July 31, 2022 |
| 10 | September 30, 2022 | October 31, 2022 |
| 11 | December 31, 2022 | January 31, 2023 |
| 12 | March 31, 2023 | April 30, 2023 |

All in violation of Title 26, United States Code, Section 7202.

**COUNTS THIRTEEN THROUGH TWENTY-THREE**
**(Willful Failure to Collect or Pay Over Taxes)**

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 10 and 12 through 15 and Overt Acts 1(a)-(q) and 2(a)-(q) of Count One are incorporated here.

2. On or about the dates set forth below, in the Eastern District of Pennsylvania, and elsewhere, defendant

**CHARLES WEINER**

willfully failed to collect, truthfully account for, and pay over the trust fund taxes due and owing to the IRS on behalf of the employees of Clock Bar, each quarter constituting a separate count:

| Count | Calendar Quarter Ending | Due Date for Employment Taxes |
|---|---|---|
| 13 | September 30, 2020 | October 31, 2020 |
| 14 | December 31, 2020 | January 31, 2021 |
| 15 | March 31, 2021 | April 30, 2021 |
| 16 | June 30, 2021 | July 31, 2021 |
| 17 | September 30, 2021 | October 31, 2021 |
| 18 | December 31, 2021 | January 31, 2022 |
| 19 | March 31, 2022 | April 30, 2022 |
| 20 | June 30, 2022 | July 31, 2022 |
| 21 | September 30, 2022 | October 31, 2022 |
| 22 | December 31, 2022 | January 31, 2023 |
| 23 | March 31, 2023 | April 30, 2023 |

All in violation of Title 26, United States Code, Section 7202.

**COUNTS TWENTY-FOUR THROUGH TWENTY-NINE**
**(Aiding and Assisting in the Preparation of False Tax Returns)**

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1, 2, and 6 of Count One are incorporated here.

2. On or about the dates set forth below, in the Eastern District of Pennsylvania, and elsewhere, defendant

**CHARLES WEINER**

willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service of U.S. Corporation Income Tax Returns, Forms 1120, for the taxpayers and years set forth below, which were false and fraudulent as to a material matter. The tax returns reported false amounts for (i) gross receipts or sales (Line 1a), (ii) cost of goods sold (Line 2), (iii) total income (Line 11), and (iv) salaries and wages (Line 13), whereas, as defendant WEINER knew, the true and correct amounts of such line items were greater than reported:

| Count | Taxpayer | Tax Year | Approx. Filing Date | False Items |
|---|---|---|---|---|
| 24 | Eagle Bar | 2020 | 4/13/21 | Line 1a (gross receipts or sales)<br>Line 2 (cost of goods sold)<br>Line 11 (total income)<br>Line 13 (salaries and wages) |
| 25 | Eagle Bar | 2021 | 3/31/22 | Line 1a (gross receipts or sales)<br>Line 2 (cost of goods sold)<br>Line 11 (total income)<br>Line 13 (salaries and wages) |
| 26 | Eagle Bar | 2022 | 4/6/23 | Line 1a (gross receipts or sales)<br>Line 2 (cost of goods sold)<br>Line 11 (total income)<br>Line 13 (salaries and wages) |
| 27 | Clock Bar | 2020 | 4/13/21 | Line 1a (gross receipts or sales)<br>Line 2 (cost of goods sold)<br>Line 11 (total income)<br>Line 13 (salaries and wages) |

| Count | Taxpayer | Tax Year | Approx. Filing Date | False Items |
|---|---|---|---|---|
| 28 | Clock Bar | 2021 | 3/31/22 | Line 1a (gross receipts or sales)<br>Line 2 (cost of goods sold)<br>Line 11 (total income)<br>Line 13 (salaries and wages) |
| 29 | Clock Bar | 2022 | 4/6/23 | Line 1a (gross receipts or sales)<br>Line 2 (cost of goods sold)<br>Line 11 (total income)<br>Line 13 (salaries and wages) |

All in violation of Title 26, United States Code, Section 7206(2).

**A TRUE BILL:**

[redacted]

Salvatore L. Astolfi for
**DAVID METCALF**
**UNITED STATES ATTORNEY**

*No.*__________

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

CHARLES WEINER

INDICTMENT

18 U.S.C. § 371 (conspiracy to defraud – 1 count)
26 U.S.C. § 7202 (failure to withhold and pay over employment taxes – 22 counts)
26 U.S.C. § 7206(2) (aiding and assisting in the preparation of false tax returns – 6 counts)

[redacted]